IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL ANTHONY WOODRUFF                                              PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 3:06cv262HTW-JCS

HINDS COUNTY BOARD OF SUPERVISORS, et al.                          DEFENDANTS

## OPINION AND ORDER

On May 15, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This court entered two orders in the instant action on May 17, 2006. One order directed the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff has failed to respond or comply with that order. The second order entered directed the plaintiff to file within 30 days a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts OR file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court. The plaintiff filed a motion for leave to proceed in forma pauperis on May 19, 2006. However, on May 31, 2006, the envelope containing the Notice of Assignment was returned as "undeliverable/released." A separate envelope containing the orders of May 17, 2006, was returned on June 2, 2006, as "undeliverable."

Even though more than 60 days have elapsed since the deadline for compliance with the order directing the plaintiff sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), the plaintiff has

failed to communicate with the court, either to inquire as to the status of his case or to provide this office with a current address. Consequently, it is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 28th day of August, 2006.

                          s/ HENRY T. WINGATE

                          CHIEF UNITED STATES DISTRICT JUDGE

Opinion and Order
3:06cv262HTW-JCS